# In the United States Court of Federal Claims

No. 26-994
Filed: November 9, 2026

| | |
|---|---|
| JARRELL D. CURNE, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| *Defendant*. | ) |

**ORDER**

On August 25, 2026, this court issued two orders. First, the court denied Mr. Curne's motion to proceed in forma pauperis because he did not respond to all the questions on the court's form application. ECF No. 11 (discussing Mr. Curne's responses to questions 2.b, 3, 5, 6, and 8). The court gave Mr. Curne until September 29, 2026, to either file a complete application or pay the court's filing fee. Mr. Curne paid the filing fee.

Second, the court issued a show cause order directing Mr. Curne to demonstrate "why this court should not dismiss this case for lack of subject-matter jurisdiction." ECF No. 12 at 1. This jurisdictional defect came to the court's attention during its review of Mr. Curne's motion to proceed in forma pauperis under 28 U.S.C. § 1915. As the court explained, this case is about a loan agreement between the U.S. Small Business Administration and Hustle Ova Everything Entertainment, LLC. Mr. Curne does not appear to be a party to that loan agreement and does not appear to have standing to enforce it. Nor may he represent the LLC in this court. *Id.* That order gave Mr. Curne until Tuesday, September 29, 2026, to respond and made clear that "[f]ailure to file by this date may result in dismissal of this case under RCFC 41." *Id.* Mr. Curne, however, did not respond.

On October 6, 2026, this court issued a second show cause order "[t]o ensure Mr. Curne has sufficient opportunity to respond to the court's August show cause order." ECF No. 14 at 2. In that order, the court stated that "[t]he court appreciates that Mr. Curne is proceeding pro se and may have been confused by multiple orders issued on August 25, 2026." *Id.* Therefore, the court gave Mr. Curne an additional twenty-eight days to show that "he, not the LLC, is the borrower on the SBA loan." *Id.* Finally, the court warned Mr. Curne that a "[f]ailure to respond by October 27, 2026, will result in dismissal of this case under RCFC 41." *Id.* Mr. Curne has not responded.

This court has sought Mr. Curne's response to an apparent jurisdictional defect twice, and he has not responded despite two warnings that failure to respond would likely result in

dismissal. And given that Mr. Curne is incarcerated, the court gave Mr. Curne additional time in the event of any mailing delays. While it appears on the face of the complaint that this court lacks jurisdiction to hear Mr. Curne's complaint, the court need not resolve the jurisdictional issue at this time. Instead, the court dismisses this case without prejudice for failure to prosecute under RCFC 41. The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge